IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **DOROTHY GUERRIER,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | 5:18-cv-00336-UJH-KOB |
| ] | |
| **JULIEN TIEN, et al.** ] | |
| ] | |
| **Defendants.** ] | |

## MEMORANDUM OPINION

Dorothy Guerrier, proceeding *pro se*, filed a notice of removal from a decision by the Alabama Court of Civil Appeals dismissing as untimely her appeal in the case *Guerrier v. 104 Burwell Spring Lane HV Trust a.k.a. Julien Tien*. (Doc. 1-1 at 4). The court, on its own motion, WILL DISMISS WITHOUT PREJUDICE the case for lack of subject matter jurisdiction.

**I. BACKGROUND**

On January 9, 2017, 104 Burwell Spring Lane HV Trust filed suit against Dorothy Guerrier in the District Court for Madison County, Alabama, seeking to recover a tract of land that the Trust alleged Ms. Guerrier had entered and unlawfully withheld from it. (Doc. 4 at 2). On January 31, 2017, the Madison County District Court entered a default judgment against Ms. Guerrier. (*Id.* at 24).

In September 2017, Ms. Guerrier filed an "Emergency Motion to Set Aside Default Judgment" in the Madison County Circuit Court. (Madison County Circuit Court, Case No. 47-CV-2017-000105.00, Doc. 1). The Circuit Court denied the emergency motion, (*id.*, Doc. 42), and Ms. Guerrier eventually appealed to the Alabama Supreme Court. (*Id.*, Doc. 47). The

Alabama Supreme Court deflected the appeal to the Court of Civil Appeals under Alabama Code § 12-2-7(6). (*Id.*, Doc. 49). The Alabama Court of Civil Appeals dismissed the appeal as untimely, and Ms. Guerrier filed a notice of removal in this court. (Doc. 1; Doc. 1-1 at 4).

## II. DISCUSSION

"[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* [on its own] whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Section 1441 of Title 28 of the United States Code provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . ." District courts have original jurisdiction of cases involving a federal question or cases that meet the requirements for the court to sit in diversity. 28 U.S.C. §§ 1331, 1332.

Ms. Guerrier appears to indicate that she removed the case based on federal question jurisdiction, because she makes a reference to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. (Doc. 1-1 at 1). But the underlying case involves no question of federal law: the Trust filed suit against Ms. Guerrier seeking to recover land from her. (Case No. 47-CV-2017-000105.00, Doc. 3). Ms. Guerrier's passing reference to a federal law does not confer subject matter jurisdiction on this court. *See Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996) (holding that "federal jurisdiction is lacking" because "[n]o substantial question of federal law must be answered to determine plaintiff's claims").

This court also lacks jurisdiction under the *Rooker-Feldman* doctrine.[1] The *Rooker-Feldman* doctrine precludes federal courts "from exercising appellate jurisdiction over final

---

[1] The name of the *Rooker–Feldman* doctrine derives from the Supreme Court's decisions in *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman,* 460 U.S. 462 (1983).

state-court judgments." *Nicholson v. Shafe*, 558 F.3d 1266, 1268 (11th Cir. 2009) (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006)). The *Rooker-Feldman* doctrine "is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Because Ms. Guerrier's removal of this case appears to seek appellate review of the Alabama Court of Civil Appeals' rejection of her appeal, this court lacks jurisdiction over the case.

### III. CONCLUSION

For these reasons, the court WILL DISMISS WITHOUT PREJUDICE the case for lack of subject matter jurisdiction. The court will enter a separate order consistent with this opinion.

**DONE** and **ORDERED** this 8th day of March, 2018.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE